UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS CASUALTY COMPANY
OF AMERICA

       Plaintiff,                               Case No.

v

H.B. ELECTRICAL SERVICES, LLC, d/b/a
HARRIS BOYS ELECTRICAL SERVICES,

       Defendant.
_____/
CORINNE SHOOP
**GREGORY, MEYER &**
**CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 – Fax
cshoop@gregorylaw.com
P38145
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

     **NOW COMES** Plaintiff, Travelers Casualty Company of America ("Travelers"), by and through its counsel Gregory, Meyer & Chapnick, P.C., and for its Complaint for Declaratory Judgment against Defendant, H.B. Electrical Services, LLC d/b/a Harris Boys Electrical Services ("H.B. Electrical"), pursuant to 28 U.S.C. 2201 and 2202 and Fed.R.Civ.P. 57, states as follows:

           **I.**        **JURISDICTION AND VENUE**

1. Plaintiff Travelers is an insurance company organized and existing under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.

2. Upon information and belief, Defendant H.B. Electrical is an electrical service company organized and existing under the laws of Michigan, with its principal place of business in Flint, Michigan.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332, because there is complete diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Jurisdiction is also proper pursuant to 28 U.S.C. 2201, particularly because this action would settle a controversy and clarify Travelers' obligations, if any, under its policy of insurance. The controversy which is the subject of this action is not at issue in any state court action.

5. Venue is proper in the Eastern District of Michigan, pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the present controversy occurred within the Eastern District.

6. The allegations set out in this Complaint demonstrate a real, immediate, and justiciable controversy, which will continue to exist between the parties until it is resolved by this Court.

7. Pursuant to 22 U.S.C. 2201, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties.

8. Travelers brings this action for declaratory relief pursuant to 28 U.S.C. 2201, 2202, *et seq.*, and Fed.R.Civ.P. 57 seeking a declaration the Travelers does not owe defense or indemnity under a Commercial Insurance Policy issued to H.B. Electrical with respect a personal injury law suit filed against H.B. Electrical styled, *Kevin Bois v. H.B. Electrical Services, LLC, d/b/a Harris Boys Electrical Services, Insook Inc. and Bon Viviant, LLC*, Case No.: 18-110649-NO, filed in the Genesee Circuit Court and assigned to Hon. Celeste D. Bell (the "Underlying Action").

## II. UNDERLYING ACTION AND FACTS GIVING RISE TO THIS ACTION

9. On or about June 25, 2016, Kevin Bois ("Bois"), Plaintiff in the Underlying Action, was working as a plumbing contractor on a construction project when he lifted his head and made contact with a live, unmarked electrical wire causing Bois to sustain serious injuries (the "Incident"). (**Exhibit 1**, Complaint).

10. On or about August 30, 2017, H.B. Electrical provided Travelers with notice of the alleged incident.

11. On August 31, 2017, Travelers requested H.B. Electrical provide it with documentation pertaining to their work on the project, correspondence H.B.

Electrical received form the building owner's insurance company and any other correspondence with the owner of the building.

12. Travelers contacted with H.B. Electrical on September 26, 2017, January 2, 2018, January 8, 2018 and January 9, 2018, following up its August 31, 2017 request for information.

13. On February 7, 2018, Travelers, having heard nothing further from H.B. Electrical concerning the incident or receiving any additional information, advised H.B. Electrical that it was closing its file because H.B. Electrical had not provided any of the requested information.

14. On or about March 19, 2018, Bois filed a complaint against H.B. Electrical Services, LLC d/b/a Harris Boys Electrical Services, Insook, Inc. (Insook") and Bon Vivant, LLC ("Bon Vivant") seeking damages for injuries allegedly sustained in the Incident. (Exhibit 1, Complaint).

15. In the complaint, Bois alleges that Defendant Bon Vivant was the owner of a commercial establishment located at 1243 N. Leroy, Fenton, Michigan (the "Property") and Defendant Insook was a general contractor on a construction project at the Property. (Exhibit 1, Complaint).

16. Bois alleges that Bon Vivant and/or Insook hired various contractors to work on the construction project, including H.B. Electrical to act as an electrical contractor and Bois to act as a plumbing contractor. (Exhibit 1, Complaint).

17. Bois also alleges that, while performing its work, H.B. Electrical left a dangerous, live, unmarked electrical wire in a common work area, which is the wire made contact with that caused his injuries. (Exhibit 1, Complaint).

18. In the complaint, Bois asserts an active negligence cause of action against H.B. Electrical, and a failure to provide a reasonably safe place to work, common work are, retained control and premises liability causes of action against Bon Vivant and Insook. (Exhibit 1, Complaint).

19. On or about June 1, 2018, after several unsuccessful attempts to serve the complaint on H.B. Electrical, Bois filed an Ex Parte Motion for Alternate Service and to Extend Summons Expiration Date. (**Exhibit 2**, Ex Parte Motion).

20. The Court granted Bois' motion and entered an Order allowing Bois to serve a copy of the Summons and Complaint on H.B. Electrical by First class mail at 1437 Stockton Street, Flint, Michigan 48503 and by posting a copy of the Summons and Complaint at the same address. (**Exhibit 3**, Order for Alternate Service).

21. The address in the Court's Order for Alternate Service, 1437 Stockton Street, Flint, Michigan 48503, is the same address listed by Michigan's Department of Licensing and Regulatory Affairs as H.B. Electrical Services, LLC's registered mailing address and for its Registered Agent, Venico Harris. (**Exhibit 4**, LARA listing for H.B. Electrical Services, LLC).

22. On June 18, 2018, Bois served a copy of the Summons and Complaint, the Motion and Order for Alternate Service was served on H.B. Electrical by First class mail. (**Exhibit 5**, Proof of Service)

23. Upon information and belief, copy of the Summons and Complaint was also on H.B. Electrical by posting a copy at 1437 Stockton Street, Flint, Michigan on July 9, 2018.

24. H.B. Electrical did not notify or send Travelers a copy of Bois' Complaint.

25. Upon information and belief, after H.B. Electrical failed to answer or otherwise respond to the Complaint, Bois filed a Default Request and Entry requesting the clerk enter the default of H.B. Electrical for failure to plead or otherwise defend the action, which was entered on October 4, 2018.

26. On September 4, 2019, Bois filed a Motion for Entry of Default Judgment requesting the Court enter a judgment against H.B. Electrical, which was served on H.B. Electrical by US mail at 1437 Stockton Street, Flint, MI 48503. (**Exhibit 6**, Proof of Service).

27. H.B. Electrical did not notify or send Travelers a copy of Bois' Motion for Entry of Default Judgment that was filed in the Underlying Action.

28. On November 6, 2019, the Court entered Default Judgment against H.B. Electrical in the Underlying Action in the amount of $100,000,00. (**Exhibit 7**, Default Judgment).

29. On August 3, 2021, Bois filed a Request and Writ for Garnishment (Nonperiodic) which was served on Huntington Bank for the unsatisfied judgment entered against H.B. Electrical. (**Exhibit 8**, Request and Writ for Garnishment).

30. On August 11, 2021, H.B. Electrical notified Travelers that H.B. Electrical had been advised by Huntington Bank that it had received the Writ for Garnishment and money was being taken from their account to satisfy the judgment entered against H.B. Electrical in the Underlying Action.

### III.   The Travelers Policy

31. Travelers issued to Venico Harris dba Harris Boys Electrical a Contractor's PAC insurance policy, Policy No. 680-459M4711-15-42, with a policy period of December1, 2015 to December 1, 2016, that included Commercial General Liability Coverage ("Travelers Policy"). (**Exhibit 9**, Certified copy of the Travelers Policy)

32. The Commercial General Liability Coverage Form in the Travelers Policy provides coverage for bodily injury and property damage liability in Section I-Coverages, Coverage A and states in relevant part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
\*   \*   \*

**SECTION I-COVERAGES**

**COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (**1**) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (**2**) The "bodily injury" or "property damage" occurs during the policy period; [**Exhibit 9**, Travelers Policy, Commercial General Liability Coverage Form, (CG 00 01 10 01, p. 1)]

33. The Travelers Policy also contains the following conditions:

**SECTION IV-COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
        **(1)** How, when and where the "occurrence" or offense took place;
        **(2)** The names and addresses of any injured persons and witnesses; and
        **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.** If a claim is made or "suit" is brought against any insured, you must:
        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
        **(2)** Notify us as soon as practicable.
    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:
        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
        **(2)** Authorize us to obtain records and other information;
        **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
        **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

<p style="text-align:center">*   *   *</p>

**3.**    **Legal Action Against Us**

No person or organization has a right under this Coverage Part:
**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

    **b.** To sue us on this Coverage Part unless all of its terms and conditions have been fully complied with.

    A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured, and the claimant or the claimant's legal representative. [**Exhibit 9**, Travelers Policy, Commercial General Liability Coverage Form, (CG 00 01 10 01, p. 10-11)]

## COUNT I
### (Declaratory Judgment)

34. Travelers repeats and realleges each and every allegation contained in Paragraphs 1 through 33 of the Complaint as through fully set forth herein.

35. A bona fide and actual controversy exists with respect to the rights and obligations of Travelers to H.B. Electrical under the Travelers Policy with respect to the Underlying Action.

36. H.B. Electrical has submitted a claim to Travelers concerning the Underlying Action under the Travelers Policy. Travelers disputes this assertion and maintains that there is no coverage for defense and/or indemnity of the Underlying Action under the Travelers Policy.

37. Coverage for the Underlying Action under the Travelers Policy is precluded by H.B. Electrical's failure to perform its contractual duties in the event of an occurrence, offense, claim or suit, which has prejudiced Travelers.

38. In particular, H.B. Electrical breached its contractual duties under the Travelers Policy after providing Travelers with notice of the alleged incident by failing to assist Travelers in its investigation of the incident and provide any of the information requested by Travelers on August 31, 2017.

39. H.B. Electrical further breached its contractual duties under the Travelers Policy by failing to immediately send Travelers a copy of the Summons and Complaint, a copy of the Default entered against H.B. Electrical, a copy of Bois' Motion for Entry of Default Judgment, a copy of the Default Judgment against H.B. Electrical, and copies of other legal papers and/or correspondence received in connection with the Underlying Action.

40. Consequently, Travelers is entitled to a declaration that it is not obligated to provide coverage to H.B. Electrical, including defense and/or indemnity for the Underlying Action.

**WHEREFORE**, Plaintiff, Travelers Casualty Company of America requests this Honorable Court issue a declaratory judgment:

A. Declaring that Travelers has no obligation under its policy to defend and/or indemnify H.B. Electrical Services, LLC for the Underlying Action styled *Kevin Bois v. H.B. Electrical Services, LLC, d/b/a Harris Boys Electrical Services, et al*, Case No.: 18-110649-NO, in the Genesee County Circuit Court;


B. Awarding Travelers its costs, attorneys' fees, and expenses; and

C. Affording such other and further relief as the Court shall deem just and equitable.

Respectfully submitted,

*/s/ Corinne F. Shoop*
CORINNE F. SHOOP (P38145)
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 -Fax
cshoop@gregorylaw.com

Dated: October 27, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

/s/ Corinne F. Shoop
CORINNE F. SHOOP
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 -Fax
cshoop@gregorylaw.com
P38145